THE PEOPLE, *ex relatione* Bacon, *vs.* McHENRY and others.

Proof of the handwriting of a subscribing witness who is dead is prima facie evidence of the execution of a bond by the obligor ; but it may be rebutted by evidence that the signature is not in the handwriting of the obligor.

A recovery upon a sheriff's bond by one party alleging himself to be aggrieved, is not admissible in evidence against the defendants in an action by another party ; they are not estopped by such recovery from denying the due execution of the bond.

The sureties of a sheriff are not responsible for money collected by him on an execution which came into his hands as a deputy of a former sheriff, although the money was in fact received subsequent to the time of their becoming sureties.

THIS was an action of *debt,* tried at the Allegany circuit in September, 1835, before the Hon. CHARLES H. RUGGLES, one of the circuit judges.

The suit was brought upon a *sheriff's bond,* dated 18th January, 1831, purporting to have been executed by Daniel McHenry as sheriff of Allegany, and by Andrew C. Hull

and three other persons as his sureties, for the non-payment of moneys collected upon executions. The execution of the bond was in the first instance shown by proof of the handwriting of the *subscribing witness*, who was dead; but on the cross-examination of the plaintiff's witness, it appeared that the signature, Andrew C. Hull, subscribed to the bond, was not in the handwriting of the defendant Hull. The relator then produced an exemplification of a judgment record in favor of The People, on the relation of Henry Schoonover, against the defendants in this suit, rendered upon the *same bond* upon which this action is brought, by default, and after service of process upon all of the defendants: which evidence was received as competent but not as conclusive. The relator further showed the issuing of an execution upon such judgment, and the payment of a portion of the debt by Andrew C. Hull. The relator then produced two executions set forth in the declaration, with endorsements thereon, purporting that one of them was received by the sheriff of Allegany on the 15th May, 1828, directing the levy of $259,07, and the other on the 18th November, 1829, directing the levy of $313,26. McHenry was sheriff of Allegany in 1829, but in 1828 Hugh Magee was sheriff of that county; McHenry, however, was a deputy of Magee in 1828, and had charge of the execution received in May, 1828. In 1830, a deputy of McHenry sold property of the defendants in the above executions to a considerable amount, which was bid off by the relator; which property was subsequently redeemed by third persons and the money upon such redemption paid to McHenry. The relator claimed a balance of $95,52, as due to him upon the two executions. The defendants introduced testimony to reduce the balance claimed by the relator. The judge submitted the question of the execution of the bond, and the evidence in relation to the balance claimed, to the jury, who found a verdict for the defendants. The relator asks for a new trial.

*J. A. Spencer*, for the relator.

*C. P. Kirtland*, for defendants.

NEW-YORK,
May, 1836.

The People
v.
McHenry.

*By the Court,* NELSON, Ch. J.  The plaintiffs failed to aprove the execution of the bond.  Evidence of the hand-writing of the subscribing witness was sufficient in the first instance ; but this was overthrown by the proof that the signature of Hull was not in his hand-writing.  If put there by authority, the *onus* lay upon the plaintiffs to show it. Where a deed is executed under a power of attorney, the power must be proved.  1 Esp. R. 89.  The counsel for the plaintiffs seemed to think that all this may be presumed from the proof of the hand-writing of the attesting witness ; that it affords sufficient evidence of the due execution either personally or by attorney, as the case may happen to be. I can find no authority or reason for so broad a proposition. The most liberal inference that should be drawn from the proof is, that Hall signed, sealed and delivered the instru-ment personally, or if it had on its face purported to have been executed by an attorney, then that it had been sign-ed, &c. by him in the name of his principal.  This is the most that should be presumed.  But in the latter instance, the power must be shown in addition, to establish even a *prima facie* execution.  The subscribing witness need not and usually does not possess a knowledge of its existence.  He simply witnesses the execution by the person representing himself as the attorney, the form observed not regarding the authority.

Neither was the record of judgment in favor of Schoonover against these defendants evidence of the execution of the bond.  The statute, 2 R. S. 476, 7, after prescribing the mode by which persons aggrieved by the default or miscon-duct of the sheriff may obtain redress. by prosecution of the official bond, and requiring each individual to institute proceedings in the name of the people and carry them on for his own benefit, declares, § 10, " that every suit, brought upon such official bond, and every judgment rendered there-in, shall be deemed the private suit and judgment of the party on whose relation the same shall be brought or ob-tained," &c.  The judgment is to be regarded, in all respects, as one between the relator and defendants, the same as if in his own name.  He may discontinue, be nonsuited,

NEW-YORK,
May, 1838.

The People
v.
McHenry.

taken in execution for costs in case of judgment for defendants upon verdict, demurrer or otherwise, and may cancel the judgment in his favor. 2 R. S. 477, § 10, 11. The case then falls within the familiar general rule, that a verdict is not to be used as evidence against one where an opposite verdict would not have been evidence for him ; in other words, the benefit to be derived from the verdict, to be admissible, must be mutual. Mr. Justice Buller observes, Bull. N. P. 232, in substance, that where the parties are not the same, one who would not have been prejudiced by the verdict cannot afterwards make use of it, for as between him and a party to such verdict, the matter is *res nova*, although his title turn upon the same point. See also Gilb. Ev. 31, 35 ; Phil. Ev. 231, 233 ; 1 Stark. Ev. 214, 221 ; 4 Maule & Sel. 479, 485. 10 Wendell, 82. Starkie remarks, neither ought any one in justice to be bound by a verdict, although he was *privy* to it, but where his adversary was not also a party, and consequently where the verdict may have been founded upon the evidence of that adversary, who had an interest in obtaining the verdict for the purposes of evidence. This rule of evidence is referred to by Spencer, Ch. J. in *Maybee* v. *Avery*, 18 Johns. R. 354, and the point there disposed of as falling within an exception to it, namely, that where the matter in dispute is a question of public right, all persons standing in the same situation as the parties are affected by it. In this case it is perfectly obvious that if the former judgment had been for the defendants, the present relators would not have been bound by it, and hence the case comes directly within the general rule of evidence above stated. The judge should have rejected the record altogether as inadmissible between these parties.

It may be doubtful if the defendants are liable at all for the execution which came into the hands of the sheriff, (Magee,) 15th May, 1828, though this was not made a point on the trial or argument. The case states that it passed into the hands of McHenry, who then was a deputy, and who of course held it when he came into office, January, 1829, it being still unexecuted. But the subsequent sale, I apprehend, must have taken place in his capacity as deputy of

Magee, not as sheriff and consequently the remedy for default or misconduct should have been sought against the sureties of the former sheriff, who could look for indemnity to the bond of his deputy. The case seems to have been tried upon the assumption, by the court and counsel, that after McHenry was elected, and the duties of sheriff devolved upon him, his functions as deputy ceased, and the unexecuted executions then in his hands, as deputy, were to be completed in his capacity as sheriff. The revised statutes, 2 R. S. 438, 9, § 68, sub. 5, and § 71, provide, that notwithstanding the election of the new sheriff, the former shall return in his own name all writs, &c. "and all *executions* which he shall have fully executed, and *shall proceed and complete the execution of all final process*, and attachments which he shall have begun to execute, by a collection of the money thereon, or *by a levy on the property in pursuance thereof.*" In this case it is apparent the levy must have been made previous to the expiration of the term of Magee, the old sheriff. This last view is of no importance on this motion, but it shows that even if a new trial should be granted on terms, to enable the plaintiffs to supply the defect in the proof of the execution of the bond, it might be entirely useless, as it is clear if this execution should be excluded as not a proper charge against the sureties of McHenry as sheriff, the relator has already been overpaid.

As the jury found for the defendants, and the errors of the judge were all in favor of the plaintiff, there is no ground for granting a new trial.

                                        New trial denied,